2335.   DEARISO *et al. v.* FIRST NATIONAL BANK OF SYLVESTER.

Two mortgages of different dates, held by the same mortgagee, covered the same three mules. The mortgagee foreclosed the senior mortgage and had the three mules seized under execution. An affidavit of illegality was interposed by the defendant in the mortgage fi. fa., and, upon his giving a forthcoming bond, the sheriff left the three mules in his possession. Subsequently the mortgagee foreclosed the junior mortgage and had the sheriff to seize, under execution, two of the mules, take them from the possession of the defendant, and sell them; and the proceeds were applied as a credit on the junior mortgage fi. fa. *Held,* that the act of the mortgage creditor amounted to a satisfaction of the bond as to the production of the two mules, but the bond still remained binding

as to one mule, and the sureties thereon were liable pro tanto for a breach thereof. ·

Complaint; from city court of Sylvester—Judge Williamson. November 4, 1909.

Submitted February 24,—Decided June 14, 1910.

Rehearing denied July 5, 1910.

*Polhill & Tyson, R. S. Foy,* for plaintiffs in error.

· *Claude Payton,* contra.

HILL, C. J.  The First National Bank of Sylvester held two chattel mortgages covering the same property, viz., three mules. It foreclosed the senior mortgage and caused a fi. fa., issued thereon, to be levied upon the three mules.  The defendant in the mortgage fi. fa. filed an affidavit of illegality, and on his giving a forthcoming bond for the property levied upon, the sheriff left the property in his possession.  Subsequently the bank caused its junior mortgage to be also foreclosed, and, under the fi. fa. issued thereon, two of the three mules were seized by the sheriff and sold, and the proceeds were applied as a credit on the junior mortgage fi. fa.  The affidavit of illegality having been dismissed, the sheriff advertised the three mules for sale, under the levy made by virtue of the execution issued on the foreclosure of the senior mortgage, and, on failure of the principal and the sureties on the forthcoming bond to produce any one of the mules at the time and place of sale as required by the ·terms of the bond, the present suit was brought on the bond by the bank against both principal. and sureties.

On the trial it was contended by the sureties that the act of the mortgage creditor, the bank, in foreclosing the junior mortgage and seizing and selling two of the mules that were covered by the forthcoming bond, and applying the proceeds of the sale, not to the senior mortgage, but to the junior mortgage, increased their risk as sureties on the forthcoming bond, and released and discharged them from all further liability thereon.  The view entertained by the trial court was that the acts of the mortgage creditor only released the sureties pro tanto, that is, to the extent of the value of the two mules ·which had been seized and sold under the foreclosure of the junior mortgage, and that it did not release the principal in the forthcoming bond and his sureties from their obligation to deliver, according to the terms and condition of their bond, the third

mule at the time and place of sale. The only question in the case, therefore, is, whether this view of the court was correct, or whether the conduct of the mortgage creditor, above stated, did not fully release the sureties from the obligation of the forthcoming bond.

Section 2972 of the Civil Code provides (and this is the general law on the subject), that "any act of the creditor, either before or after judgment against the principal, which injures the surety or increases his risk, or exposes him to greater liability, will discharge · him." The mortgage creditor had the right to foreclose the junior mortgage and to sell the property covered thereby, although it had been previously seized under the foreclosure of the senior mortgage, and was left in the possession of the defendant, subject to his forthcoming bond. But when he had the sheriff to take from the possession of the defendant two of the mules and sell them under the junior mortgage fi. fa., he made it impossible for the principal in the bond to comply with its terms, in so far as concerned a production of the two mules at the time and place of sale, or when required by the sheriff. This amounted to a satisfaction of the bond as to the two mules, but it was still binding upon the principal and the sureties as to the third mule, and a breach of the bond as to this mule would render the sureties liable pro tanto, that is, to the extent of the value of the one mule. The jury found a verdict against the defendants for the proved value of this one mule; and we think this verdict was in accordance with the spirit, if not with the letter of the code section, supra.

*Judgment affirmed.*